IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALFRED J. RUSSO,

    Plaintiff,

    v.

ALLEGHENY COUNTY, and the
COURT OF COMMON PLEAS OF
ALLEGHENY COUNTY,
PENNSYLVANIA, CRIMINAL
DIVISION,

    Defendants.

10cv00711
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

**I.    Introduction**

Plaintiff, Alfred J. Russo, brings the current action against defendants, Allegheny County ("County") and the Court of Common Pleas of Allegheny County, Pennsylvania, Criminal Division ("Common Pleas"), alleging constructive discharge due to his gender and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Plaintiff claims he was forced to retire or be demoted, which would have resulted in a yearly pay cut of $22,000.

The County filed a Motion to Dismiss the Complaint arguing plaintiff's claims are barred because of failure to exhaust administrative remedies, as plaintiff did not file a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), and never named County as respondent.

Defendant Common Pleas has filed a Motion for Summary Judgment arguing plaintiff's EEOC charge was untimely, plaintiff's EEOC charge alleging age discrimination is wholly

1

inadequate to support his Title VII sex discrimination claim, and that plaintiff's age discrimination claim fails on its merits, because the United States Supreme Court has determined that Congress did not abrogate a state's sovereign immunity with respect to the ADEA. Plaintiff responds that the EEOC charge was not untimely and it would be premature to dismiss the gender discrimination claim. However, plaintiff admits the age discrimination claim against defendant Common Pleas is immunity barred.

After careful consideration of the pending Motion to Dismiss (doc. no. 6), the response thereto (doc. no. 12), the Motion for Summary Judgment (doc. no. 11), and the response thereto (doc. no. 15), the Court will grant defendant County's Motion to Dismiss and grant defendant Common Pleas' Motion for Summary Judgment, for the reasons that follow.

## II.     Factual Background

Plaintiff Alfred J. Russo ("Russo") was employed in the Court of Common Pleas of Allegheny County as a minute clerk between November 1974 and February 2009, as an assistant manager of criminal division between April 1997 and April 2005, and as court manager of the criminal division, also known as chief minute clerk, from April 2005 to February 2009. Doc. No. 12-2 ¶ 1. During his employment, plaintiff's duties included randomly assigning judges to cases, as ordered by the administrative judge and court administrator. *Id.* at ¶ 3. Additionally, plaintiff received his paychecks from Allegheny County, health-care benefits from an Allegheny County sponsored plan, and participated in the Allegheny County Retirement Fund. *Id.* at ¶ 4.

On February 20, 2009, plaintiff alleges he was subjected to age discrimination when he was "constructively discharged by receiving a re-assignment which would have resulted in a $22,000 pay-cut." *Id.* at ¶ 5. Instead of accepting the pay cut, plaintiff accepted an early retirement. *Id.*

Plaintiff states that two other court employees in their early sixties were also asked to retire.  Doc. No. 12-2, Ex. 1.  Five younger females and one younger male employee were hired.  *Id.*  Furthermore, plaintiff asserts that "all younger employees were routinely accorded reasonable notice or warning that their job performance was deficient . . . [and that his] performance evaluations were consistent 'exceeds expectations' and unlike younger employees he was never accorded prior reasonable notice or prior warning that his performance was 'old fashioned', slow', or 'lacking initiative' so as to rectify the perceived deficiencies."  Doc. No. 1 ¶ 10.

Additionally, plaintiff alleges he was subjected to gender discrimination.  Specifically, plaintiff asserts his boss, Helen Lynch ("Lynch"), fired him without cause, but "agonized over firing a female . . . [because] she [was] a single mom and [needed] the benefits."  *Id.* at Ex. 2.  Plaintiff also states a "married female employee was flirting with a married male lawyer" and was "suspected of giving him information about cases" yet she was never discharged.  *Id.*  Plaintiff also contends that Lynch reassigned "major job responsibilities to younger females before [p]laintiff's constructive discharge" and promoted "younger females when male candidates possessed superior credentials and qualifications."  Doc. No. 1 ¶ 14.

Plaintiff alleges that as a result of his constructive discharge, he "suffered severe emotional distress and depression, an exacerbation of his diabetic condition, and weight loss of over forty pounds."  Doc. No. 1 ¶ 13.

Plaintiff states his claims "were processed through the EEOC and [a] right-to-sue letter was issued . . . on March 5, 2010 at EEOC No. 533-2010-00095."  *Id.* at ¶ 15.

### III. Applicable Standards of Review

#### A. Federal Rule of Civil Procedure 56(c)(2)

Summary judgment is only proper when there is no genuine issue of material fact in the case and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c)(2); *Horn v. Thoratec Corp.*, 376 F.3d 163, 165 (3d Cir. 2004). In reviewing a motion for summary judgment, the role of the court is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.,* 584 F.3d 575, 581 (3d Cir. 2009). If so, summary judgment will not be granted.

The district court must view all of the facts in the light most favorable to the non-moving party, who is entitled to "every reasonable inference that can be drawn from the record," and if "there is a disagreement about the facts or the proper inferences to be drawn from them, a trial is required to resolve the conflicting versions of the parties." *Reedy v. Evanson*, --- F.3d ----, 2010 WL 2991378, *8 (3d Cir. 2010) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) and *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)). A party cannot, however, defeat a motion for summary judgment by pointing to fragmentary inferences that could be massaged to support his position. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

#### B. Federal Rule of Civil Procedure 12(b)(6)

When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court recently held that, while a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (cites and footnote omitted). See also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Id. at 1949. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

It is on these standards that this Court has reviewed defendant Common Pleas' Motion for Summary Judgment and defendant County's Motion to Dismiss.

**IV.    Analysis**

**A. Court of Common Pleas' Motion for Summary Judgment**

Defendant Common Pleas argues that plaintiff's ADEA and Title VII claims are barred because of failure to exhaust administrative remedies. Doc. No. 11 ¶ 4-5. Specifically, Common Pleas contends plaintiff did not file a timely complaint with the EEOC because he filed it beyond the 180 day statutory filing period, and that this Court should therefore dismiss plaintiff's complaint in its entirety. *Id.* at ¶ 6. Plaintiff responds that he did file a timely complaint with the

5

EEOC, as he was a county employee, subject to a 300 day filing period, not a court employee, subject to the 180 day filing period. Doc. No. 15 ¶ 4-5.

The law is clear that a plaintiff alleging Title VII and ADEA discrimination must first exhaust administrative remedies. *See e.g. Burgh v Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citations omitted) (stating that "[t]he receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII"); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) (stating a plaintiff must exhaust administrative remedies before seeking judicial relief when suing under ADEA).

When Congress enacted the Civil Rights Act of 1964, it included the Equal Employment Opportunities Subchapter, commonly known as Title VII, which contained "an elaborate administrative procedure . . . designed to assist in the investigation of claims of . . . discrimination in the workplace and to work towards the resolution of these claims through conciliation rather than litigation." *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004) (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989)). As such, Congress gave the EEOC authority to carry out the provisions of the Subchapter. 42 U.S.C.A. § 2000e-12(a) (2010). Additionally, the EEOC is in charge of enforcing the ADEA, which is largely based on Title VII. *See* 29 U.S.C.A. §§ 621-34 (2010); *E.E.O.C. v. Wackenhut Corp.*, 939 F.2d 241, 243 (5th Cir. 1991).

In *E.E.O.C. v. Commercial Office Products Co.*, the Supreme Court explained that with regards to Title VII, "[a]s a general rule, a complainant must file a discrimination charge with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." 486 U.S. 107, 112 (1988) (citing 42 U.S.C. §2000e-5(e)). Additionally, the time-filing provisions of

the ADEA are the same as those of Title VII. *Id.* at 124 ("the filing provisions of the ADEA and Title VII are 'virtually *in haec verba*', the former [ADEA] having been patterned after the latter." (citations omitted)). However, the Supreme Court noted that "[i]f a complainant initially institutes proceedings with a state or local agency with authority to grant or seek relief from the practice charged, the time limit for filing with the EEOC is extended to 300 days." *Id.* at 112.

Here, defendant Common Pleas asserts that the 300 day extension does not apply because plaintiff was an employee of the Unified Judicial System of Pennsylvania, and that the Pennsylvania Human Relations Commission (PHRC) does not have jurisdiction to hear such an employee's discrimination charges. Doc. No. 11 ¶ 7, 10, 12. Plaintiff asserts his claims were timely filed because he was an employee of the county and not the state court, and thus the PHRC had jurisdiction over his claims. Doc. No. 15 ¶ 3, 4.

Generally when a plaintiff files Title VII and ADEA claims with his or her respective state's fair employment practices agency, as Russo has done in the case at bar, he or she will be afforded the 300 day extension. The PHRC is the fair employment practices agency of Pennsylvania. *See* 29 C.F.R. § 1601.74. However, if the PHRC did not have jurisdiction to hear plaintiff's claims, plaintiff would be required to file his discrimination claims with the EEOC within the usual 180 day time period. Doc. No. 11 ¶ 10.

As alleged in his complaint, and accepted as true for purposes of this decision, plaintiff was a minute clerk with the Allegheny County Court of Common Pleas Criminal Division between November 1974 and February 2009, an assistant manager of the criminal division between April 1997 and April 2005, and a court manager of the criminal division, also known as chief minute clerk, from April 2005 to February 2009. Doc. No. 12-2 ¶ 1. Nevertheless, plaintiff argues that, despite his long career with the

Court of Common Pleas, he was not a state court employee, but was, rather, an Allegheny County employee, as his paycheck was issued from the County, his benefits packages were part of a County plan, and he participated in the County's Retirement Fund. Doc. No. 12-2 ¶ 4; Doc. No. 15 ¶ 4.

In *Callahan v. City of Philadelphia*, the United States Court of Appeals for the Third Circuit explained the relationship between county courts and the state judiciary:

> The Pennsylvania constitution provides for the vesting of the Commonwealth's judicial power in a "unified judicial system" which includes all of the courts in Pennsylvania. Pa. Const. art. V, § 1. Moreover, the constitution provides that the Pennsylvania Supreme Court will exercise "general supervisory and administrative authority" over the unified judicial system. Pa. Const. art. V, §§ 1, 2, and 10. All courts and agencies of the unified judicial system, including the Philadelphia Municipal Court, are part of "Commonwealth government" and thus are state rather than local agencies. *See Pa. Const. art. V, § 6(c); 42 Pa. Cons.Stat. Ann. § 102* (West Supp.1999); *42 Pa. Cons.Stat. § 301 (West 1981).*

207 F.3d 668, 672 (3d Cir. 2000).

The Court of Appeals further explained that "[t]he authorities . . . make it perfectly clear that . . . judicial defendants are not independent of the Commonwealth and hardly can be regarded as having significant autonomy from the Pennsylvania Supreme Court [and] are part of the unified judicial system subject to the control of the Supreme Court." *Id.* at 673.

In *Benn v. First Judicial Dist.*, 426 F.3d 233, 240 (3d Cir. 2005), the Court of Appeals considered and rejected an argument similar to plaintiff's argument. There, the Court of Appeals concluded that a probation officer was a state-court employee, even though "his paycheck was issued by the City of Philadelphia; the union to which he

8

belonged negotiated its contracts with the City; he was required to live within Philadelphia city limits; and the car he was given for work assignments was owned by the City." The Court of Appeals further explained that the City of Philadelphia, comprised of a Court of Common Pleas, Municipal Court, and Traffic Court, was one of 60 judicial districts in the Unified Judicial System of the Commonwealth. *Id.* at 235.

The Court of Common Pleas of Allegheny County is designated the Court of Common Pleas for the Fifth Judicial District within the Pennsylvania Unified Judicial System, and its judicial staff and workers are considered court employees within the Unified Judicial System. *Id.* at 672 (citations omitted). As such, the Pennsylvania Supreme Court has "'general supervisory and administrative authority' over the unified judicial system," including all of the employees who work within that system. *Id.* (quoting Pa. Const. art. V, §§ 1, 2, and 10).

The Pennsylvania Supreme Court held in *First Judicial Dist. v. PHRC*, 727 A.2d 1110 (Pa. 1999), that the PHRC is without power to adjudicate discrimination claims by state judiciary employees against the state judiciary branch because of the separation of powers doctrine. Therefore, "Pennsylvania state court employees are required to file their complaints with the EEOC within 180 days of their termination." *Husick v. Allegheny County*, 2009 WL 1743917 at *7 (W.D. Pa. 2009) (citing *First Judicial Dist.*, 727 A.2d at 1110)).

Here, plaintiff's allegations establish that he is a state court employee and it is undisputed that he did not file his complaint within 180 days of his termination. Thus, his complaint must be dismissed as untimely. Accordingly, this Court will grant defendant Common Pleas' Motion for Summary Judgment.

### B. Allegheny County's Motion to Dismiss

Defendant County argues that plaintiff's ADEA claim and Title VII claims are barred because of failure to exhaust administrative remedies. Specifically, defendant contends plaintiff did not file a timely complaint with the EEOC, thereby providing this Court with adequate grounds to dismiss plaintiff's complaint. Doc. No. 7 ¶ 4-5. Additionally, defendant argues that no charges were filed with the EEOC naming Allegheny County as a respondent, "thereby exhausting [plaintiff's] remedies as to [d]efendant Allegheny County." *Id.* at ¶ 6.

Plaintiff responds by denying "he has failed to exhaust his administrative remedies, specifically that [he has] failed to file any EEOC charges naming Allegheny County as Respondent." Doc. No. 12 ¶ 3. Plaintiff asserts that he has named Allegheny County Criminal Court as a respondent, thereby sufficiently identifying and notifying his employing entity, Allegheny County. *Id.*

Having determined plaintiff's discrimination claims are barred for failure to file a timely complaint with the EEOC because plaintiff was an employee of the state's Unified Judicial System, and not a county employee, this Court will also grant defendant County's Motion to Dismiss.[1]

---

[1] At the Initial Case Management Conference on October 22, 2010, plaintiff's counsel stated that he would stand on the original complaint as filed, and declined the Court's invitation to submit an amended complaint. The Court will not grant leave to file an amended complaint, therefore, and the dismissal of the complaint will be with prejudice.

## V. Conclusion

For the reasons set forth hereinabove, the Court will grant defendant Common Pleas' Motion for Summary Judgment (doc. no. 10) and defendant County's Motion to Dismiss (doc. no. 6) plaintiff's Title VII and ADEA discrimination claims.  An appropriate order follows.

                                            **SO ORDERED**
                                            <u>s/Arthur J. Schwab</u>
                                            Arthur J. Schwab
                                            United States District Judge

cc:      All ECF registered counsel